IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**GARY DEAN DARBY,**

        Plaintiff,

    v.

**WALLY HICKS, et al,**

        Defendants.

Case No. 1:24-cv-00923-CL

**FINDINGS AND RECOMMENDATION**

CLARKE, Magistrate Judge

    Plaintiff Gary Dean Darby brings this cause of action against the defendants, the State of Oregon ("the State"), Josephine County, Oregon ("the County"), and other individual officials. The case comes before the Court on the motions to dismiss filed by the State (#14) and the County (#25). County defendants also move for attorney fees. For the reasons below, the motions (#14, 25) should be granted with prejudice. County Defendant's request for attorney fees should be denied, but Plaintiff should be warned that continued frivolous litigation could result in sanctions by the Court, up to and including such a fee award.

**BACKGROUND[1]**

    In February 2017, the Darby Family Trust signed a "Quitclaim and Grant Deed" transferring certain real property to Plaintiff Gary Dean Darby, and Plaintiff signed a "Notice of Certificate of Acceptance of Declaration Land Patent / Land Grant," describing that same

---

[1] Facts in this section are as alleged in the Amended Complaint ("FAC") (#4).

Page 1 – FINDINGS AND RECOMMENDATION

property. FAC ¶ 3.70, Ex. 1 at 1, Ex. 2 at 1, 4. Plaintiff submitted the Quitclaim and Grant Deed to the Josephine County Clerk and Recorder's Office to be recorded. FAC ¶¶ 3.32, 3.70–3.71. The Amended Complaint explains that Plaintiff intended the deed to be "recorded and not registered" for the purpose of "notify[ing] the public that the land was being moved lawfully into the private and it was no longer classified as being in commerce." FAC ¶¶ 3.32, 3.34. The Josephine County Clerk and Recorder's Office recorded and registered the deed and "registered the plaintiff's property . . . as residential land and not as private land." FAC ¶¶ 3.35– 3.36, 3.38 3.42. County officials then refused to re-categorize that land as "private land." FAC ¶ 3.39. Josephine County later filed a tax lien against Plaintiff's property. FAC ¶¶ 3.37, 3.46, 4.14, 14.

Plaintiff filed the operative Complaint on June 11, 2024. The named Defendants include four Josephine County officials, sued in their "private capacity": County Counsel Wally Hicks, County Assessor Chris Parton, County Treasurer Eva Arce, and County Clerk Rhiannon Henkels. FAC at p. 1, ¶¶ 3.25–3.28, 12.4–12.7. Defendants also include Josephine County and the State, which the Complaint names as "Josephine County Inc." and "State of Oregon Inc.," and six unnamed defendants ("John or Jane Does 1 - 6"). FAC at p. 1, ¶¶ 12.2–12.3.

The Complaint states that "the firm basis for the lawsuit" is that "Plaintiff's private property has been registered," and "reclassified," "without Plaintiff's permission or consent, for the sole purpose of taxation." FAC ¶¶ 5.5–5.6. The Complaint argues that the current property taxation system violates the U.S. Constitution, and that Josephine County and the State cannot tax "private land." FAC ¶¶ 2.1, 3.40–3.42. The Complaint alleges that Plaintiff's property was not registered as "private," but instead was wrongfully registered as "residential," which plaintiff claims is a "commercial" category. FAC ¶ 5.1–5.3. The Complaint further alleges that registering Plaintiff's land allowed Josephine County to place an unlawful tax lien on Plaintiff's land. FAC

¶¶ 3.37, 3.46, 4.14, 14. The Complaint lists several claims: violation of 42 U.S.C. § 1983, 18 U.S.C. § 241, § 242, and § 2414; violation of real estate deed; conspiracy to commit real estate deed fraud, violation of 26 U.S.C. § 15, § 18, and § 26; infliction of emotional distress; theft of private property and constitutionally protected rights by extortion; interference with a federal contract; slander of title; and slander of credit. FAC p. 1, ¶ 13–16. These various claims are based on the allegation that Plaintiff's property has been unlawfully recorded as residential and consequently now bears a tax lien. FAC ¶¶ 3.37, 3.46, 4.14; see FAC ¶ 5.5–5.6 (stating that "the firm basis for the lawsuit" is that Plaintiff's property has been "registered" and "re-classified, without [Plaintiff's] permission or consent, for the sole purpose of taxation.").

Plaintiff seeks injunctive relief, asking this Court to order Defendants to "return [Plaintiff's] property," to "change the classification of [Plaintiff's] land upon the records as being 'private' and no longer Residential," and to "permanently remove [Plaintiff's] 'private land' from the county tax rolls." FAC ¶¶ 17.2–17.4. Plaintiff also seeks a total of $10,800,000 in damages, including $5,000,000 in punitive damages from the State. FAC ¶ 17.5.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss based on lack of subject-matter jurisdiction. *Arbaugh v. Y&H. Corp.* 546 U.S. 500, 506 (2006) (lack of subject-matter jurisdiction under 12(b)(1) may be raised by a party "at any stage in the litigation."). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint [.]" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal citation omitted).

To survive a Rule 12(b)(6) motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*. Dismissal for failure to state a claim is proper "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (internal citation omitted).

## DISCUSSION

The State of Oregon moves pursuant to Rule 12(b)(1), to dismiss for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim for relief. Josephine County moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief. Both defendants' motions should be GRANTED, and this case should be dismissed in its entirety, with prejudice.

**I.     The State's Motion to Dismiss should be GRANTED.**

The State of Oregon has Eleventh Amendment immunity to suit in this case. Plaintiff also fails to state a claim for relief. This motion should be granted.

   **a.  The State of Oregon has Eleventh Amendment immunity.**

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 100 (1984). Thus, the State cannot be sued unless the State expressly consents to suit. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). The State has not so consented. Thus, all claims against the State must be dismissed.

### b. Plaintiff's complaint fails to state a claim for relief.

As discussed above, the factual context provided in the Complaint is that Plaintiff filed a "property deed/land patent" in the Josephine County Recorder's Office, the County "registered" that deed, and "Josephine County . . . place[d] a federal lien upon [Plaintiff's] land." See FAC ¶¶ 1.7, 3.32, 3.37. As to the actions of the State, Plaintiff has pleaded nothing more than legal conclusions, and therefore, the Complaint fails to meet the standard necessary to comply with the federal pleading rules.

Plaintiff's complaint also fails to state a claim because it relies on the theory that the State and the County are "corporations" that lack authority to tax Plaintiff. FAC ¶¶ 3.11–3.12; *see* FAC at p. 21 ("I am an Oregon Republic state national, whereas I am not a 'The States of Oregon Inc. citizen.' . . . I'm a State Citizen of the Republic State of Washington and therefore [n]ot subject to illegal property tax collection."). The Eight Circuit and the Seventh Circuit have found similar attempts to evade taxation to be "completely without merit" and "patently frivolous" and rejected them "without expending any more of this Court's resources on their discussion." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); and *Hilgeford*, 7 F.3d at 1342 (quoting the *Jagim* Court and doing the same.). While these cases are not mandatory authority on this Court, this Court finds the reasoning persuasive. Plaintiff's assertion that the State and County are corporations, lacking authority to tax, along with his assertion that this Court is not a valid court of law with authority over Plaintiff, fail to state a plausible claim for

relief that is based in reality. The State's motion should be granted, and this case should be dismissed.

A pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. The Court finds that there is no possible amendment that could cure the deficiencies of Plaintiff's complaint. Therefore, this case should be dismissed with prejudice.

## II.     The County's Motion to Dismiss should be GRANTED.

### a. Plaintiff's complaint fails to state a claim for relief that can be granted by the Court.

The County moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. This motion should be granted because Plaintiff's complaint fails to state a claim for relief. The County incorporates the State's arguments, and expands them by pointing to additional Oregon authorities, which have upheld the ability of the County and the State to tax real property: "Oregon has imposed property taxes from the time of its existence as a state." *Lauer v. Dep't of Revenue*, 2020 WL 7055319 at *5 (Dec. 1, 2020) (citations omitted). The Supreme Court has long acknowledged the states' power to tax. *Id*. The Court agrees.

Moreover, if a citizen of Oregon intends to challenge the scheme of the state or a county's taxation, or the individual taxation imposed on their own property, the Oregon Tax Court is the proper venue for asserting such a challenge. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *see also, Riddle v. I.R.S.*, Case No. CV-04-415-ST, 2004 WL 1919991, at *3 (D. Or. Aug. 26, 2004) (declining jurisdiction due to Tax Injunction Act, while also holding there was no basis alleged for any due process violation.).

Though only the State and the County move to dismiss, the deficiencies of the Plaintiff's complaint extend to all of the defendants. Additionally, the Court finds that there is no possible amendment that could cure the deficiencies of Plaintiff's complaint. Therefore, this case should be dismissed, in its entirety, with prejudice.

**b. The County's request for attorney fees should be denied.**

County defendants request their attorney fees incurred in this case because it is Plaintiff's second federal litigation challenging his property taxes without any basis. The prior case was heard by Judge Aiken, (Case No. 1:18-cv-01507-AA). Regarding that case, Judge Aiken stated, "Despite the volume of Plaintiffs filings, much of the space is taken up with quasi-legal gibberish and factually incorrect assertions, Plaintiff's claims lack an arguable basis in law or fact." *Id.* at *4. However, it appears that case was ultimately dismissed due to Plaintiff's refusal to either pay the required filing fee or fill out the paperwork necessary to request IFP status. The appeal was rejected for the same reason. In an abundance of caution, the Court does not recommend granting County Defendants' request for fees. Plaintiff should be put on notice, however, that his claims are frivolous, and that continued filing of such claims may subject him to sanctions by the Court, up to and including a potential fee award for any Defendants who are forced to defend his frivolous claims.

## RECOMMENDATION

For the reasons above, the motions to dismiss filed by the State (#14) and the County (#25) should be GRANTED and this case should be dismissed with prejudice. County Defendants' request for attorney fees should be denied, but Plaintiff should be warned that continued frivolous litigation could result in sanctions by the Court, up to and including a potential fee award for any Defendants who are forced to defend his frivolous claims.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16 day of September, 2024.

MARK D. CLARKE
United States Magistrate Judge