IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**GARY DEAN DARBY,**

    Plaintiff,

v.

**WALLY HICKS, et al.**

    Defendants.

No. 1:24-cv-00923-CL

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a motion captioned "Demand to strike Judge Aiken's order as void for cause; Demand that this case continue in an Article III Court as originally demanded; Demand for Jury by Trial [sic] by a jury of 12 as originally demanded (Verified) Demand for Hearing of this issue by a fully paneled Trial By Jury; as demanded in original amendment and as entered into the case but not filed by clerk, notified of error, or returned." ECF No. 46. The Court interprets this as a motion for reconsideration. So construed, the motion is DENIED.

Federal Rule of Civil Procedure 60(b) governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ;(3) fraud . . . or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies

Page 1 – ORDER

relief." Fed. R. Civ. P. 60(b). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (188).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Motions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (internal quotation marks and citation omitted, alterations normalized).

In general, Plaintiff appears to complain that, by paying the filing fee, he was contractually entitled to have his case heard in a trial by jury. However, for the reasons set forth in the Court's prior Orders and in the Findings and Recommendation of Judge Clarke, Plaintiff's case was legally defective. The case was properly dismissed with prejudice and Plaintiff's motion does not provide a basis to disturb that determination.

Finally, the Court notes that Plaintiff has submitted a First Amended Complaint. ECF No. 47. This case was dismissed with prejudice, meaning that Plaintiff is not permitted to file an amended complaint, nor may he file a new action alleging the same claims. Even if judgment had not been entered, Plaintiff has not received the written consent of the opposing party or leave of the Court to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The Court therefore STRIKES the First Amended Complaint.

## CONCLUSION

Plaintiff's Motion, ECF No. 46, which the Court interprets as a motion for reconsideration, is DENIED. Plaintiff's First Amended Complaint, ECF No. 47, is STRICKEN. No further filings will be considered in this closed case.

It is so ORDERED and DATED this 24th day of October 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge